UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>V.<br><br>LEROY LITTLE,<br>    Defendant. | CRIMINAL NO. 7:09-5-KKC-EBA<br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

    This matter is before the Court on the defendant's motion for compassionate release. (DE 193.) For the reasons stated below, the defendant's motion is **DENIED**.

    On February 12, 2018, the defendant pleaded guilty to conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841 and 846. (DE 173.) He was sentenced to 120-months imprisonment and five years of supervised release. (DE 180.) The defendant is currently housed at FCI, Fort Dix.

    Defendant filed a motion pursuant to 18 U.S.C. § 3582(c)(1)(A), which provides for what is commonly referred to as "compassionate release." (DE 193.) Defendant contends that "extraordinary and compelling reasons" warrant his immediate release or transfer to home confinement. Defendant asserts that "[o]n or about April 1, 2020, [he] mailed a Certified Letter to Warden David Ortiz [requesting that he] either appropriately consider home confinement under [the] CARES Act or … immediately move for a sentence reduction [on behalf of the defendant.]" Defendant further asserts that his case manager, Mathes, told the defendant that the warden would not consider his request. Defendant states that "Exhibit A" supports his assertions. However, at the time of filing, no "Exhibit A" was attached to his motion.

1

The Court ordered the government to respond to the defendant's motion for compassionate release. (DE 197.) The government states in its response that it "contacted Case Manager Mathes and was advised that there was no record of a request for compassionate release filed by [the defendant]." The government "opposes [defendant]'s motion on exhaustion grounds" and asserts that since defendant has not complied with the mandatory conditions of § 3582(c)(1)(A), his motion must be denied. (DE 198 at 1-2.)

Defendant's reply attaches the document referred to as "Exhibit A" in the defendant's motion for compassionate release. (*See* DE 202.) The document is a letter dated April 1, 2020 addressed to the Warden of FCI, Fort Dix requesting consideration for compassionate release. (DE 202-1 at 4.) Defendant also attaches a certified mail receipt showing that the letter was received by the FCI, Fort Dix Mailroom on April 8, 2020. (DE 202-1 at 3.)

Under 18 U.S.C. § 3624(c), the Bureau of Prisons ("BOP") has exclusive authority to designate where a prisoner serves his existing sentence of imprisonment, including designating home confinement when certain conditions are met. 18 U.S.C. § 3624(c). Accordingly, the Court cannot simply order the BOP to transfer the defendant to home confinement. The Court can, however, order a sentence reduction where extraordinary and compelling reasons warrant a reduction, but only where certain prerequisites have been met. *See Id.* § 3582(c)(1)(A).

Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), a motion for compassionate release could be brought by only the director of the BOP, not the defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for such relief on his own, but only if he has first "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or if thirty (30) days have lapsed since the warden of the defendant's facility received the defendant's request to file a motion on his behalf, whichever is earlier. 18 U.S.C.A. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018).

The Sixth Circuit has recently determined that this Court has subject-matter jurisdiction to resolve a motion for compassionate release even if the defendant files the motion before meeting either of the two conditions to court relief stated in the statute. *United States v. Alam*, No. 20-1298, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020). Nevertheless, the statute says that a "court may not" modify a sentence unless the prisoner complies with one of the two conditions to relief. 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit ruled that this means the conditions to court relief are "mandatory." *Alam*, 2020 WL 2845694 at *2. If the government "properly invoke[s]" the conditions to Court relief, the Court must enforce them. *Id*. at 3. Further, the Sixth Circuit ruled that a judge cannot make any exceptions to the requirement that prisoners comply with the statutory conditions to court relief. *Id*. This is because "[n]othing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions." *Id*.

The government has timely objected to the defendant's failure to exhaust. (*See* DE 198 at 2.) Accordingly, the Court cannot grant the defendant any relief unless he has complied with one of the two mandatory conditions listed in § 3582(c)(1)(A). Defendant admits that he has not exhausted his administrative remedies but asserts that the Court should waive any exhaustion requirement. (DE 193 at 5.) Pursuant to *Alam*, the Court cannot make any exceptions to the requirement that prisoners comply with the statutory conditions to court relief. *Alam*, 2020 WL 2845694 at *2. Thus, the Court cannot waive the exhaustion requirement.

With respect to the alternative mandatory condition, Defendant asserts that he submitted a request for compassionate release to the warden and that thirty (30) days have lapsed. (*See* DE 193.) It is not entirely clear to the Court whether the warden received the defendant's request, especially considering the government's representation that no request was made to the warden. However, because the defendant filed a certified mail receipt showing that the letter was addressed to the warden of FCI, Fort Dix and received by the FCI, Fort Dix

3

mailroom on April 8, 2020, the Court will assume that the warden received the defendant's request. It is also not clear whether the warden received the request and ignored it or whether the warden received the request and responded denying the defendant's request. The Court—without explicitly finding that the defendant has shown thirty (30) days have lapsed since the warden of the defendant's facility received the defendant's request to file a motion on his behalf—will assume for purposes of this analysis that the defendant's request was received and ignored by the warden for at least thirty (30) days. Thus, the Court will consider the Defendant's motion on the merits.

Defendant asks the Court to release him citing coronavirus concerns. Defendant alleges that the following "extraordinary and compelling reasons" warrant his release: (1) his sentence was "69% higher than every other U.S.S.G. 2D1.1 sentence imposed in the nation[;]" and (2) he has increased risk of suffering severe complications if exposed to the coronavirus due to his age and health status. (DE 193 at 14-15.) Defendant states that he is 70 years old and has a vitamin D deficiency, rheumatoid arthritis, hypothyroidism, COPD, and recently had a bladder tumor removed.[1] Defendant further contends that his facility is ill-equipped to deal with the coronavirus. (DE 193 at 14-17.)

The compassionate release statute permits this Court to "reduce the term of imprisonment" and also "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). Under the applicable provision of § 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

---

[1] Defendant does not support his motion with any medical records. He asserts that his medical record is extensive and "impossible for him to copy at the prison." (DE 193 at 18.)

4

The statute does not define "extraordinary and compelling." Nevertheless, the policy statement by the Sentencing Commission applicable to § 3582(c)(1)(A) sets forth the circumstances under which extraordinary and compelling reasons exist for modifying a sentence. One of these is the medical condition of the defendant. However the defendant must be suffering from a "terminal illness" or he must be suffering from a serious physical or mental impairment "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1. The statement defines terminal illness as a "serious and advanced illness with an end of life trajectory … Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia." U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1.

Defendant does not assert that he has any such illness. Nor does he assert that he has any impairment that has diminished his ability to provide self-care within the prison environment. Instead, Defendant asserts that "other reasons" support his release. (DE 193 at 13-17.)

The policy statement also has a catchall provision, which provides that undefined "other reasons" may exist that constitute extraordinary and compelling reasons to modify a sentence. Such reasons, however, are to be "determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 n. 1(A)-(D). Thus, this Court has no authority to find "other reasons" that may justify a sentence reduction beyond those delineated in the policy statement.

The Sentencing Guidelines have not been amended since the passage of the First Step Act. For this reason, some courts have determined that the policy statement is inapplicable, at least to the extent that it provides that only the BOP director can find "other reasons" justifying a sentence reduction. *See United States v. Maumau*, No. 2:08-CR-00758-TC-11, 2020 WL 806121, at *3 (D. Utah Feb. 18, 2020) (citing cases). These courts have concluded that finding

5

the BOP still has sole authority to determine whether "other reasons" justify a reduction is inconsistent with the First Step Act, "which was enacted to further increase the use of compassionate release and which explicitly allows courts to grant such motions even when BOP finds they are not appropriate." *Id.* at *2 (D. Utah Feb. 18, 2020) (quoting *United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019)).

The Court finds more persuasive the analysis in *United States v. Lynn*, No. CR 89-0072-WS, 2019 WL 3805349, at *2 (S.D. Ala. Aug. 13, 2019). There, the court noted that, by its plain language, § 3582(c)(1)(A), even after amendment by the First Step Act, requires that any sentence reduction by a court be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

Further, finding that the BOP still has sole authority to determine the "other reasons" that justify a sentence reduction is not inconsistent with the First Step Act's goal of increasing the use of compassionate release. The Act achieves this goal simply by granting defendants the ability to move for compassionate release on their own. This change alone "ensures that a greater volume of [compassionate release] motions (not just those BOP agrees are meritorious) will be presented to the courts." *Id.* Many defendants' motions for compassionate release will invoke the specific provisions of the policy statement rather than the catchall provision. *Id.* "There is thus no tension between a legislative purpose to 'increase[e] the use' of compassionate release and a policy statement providing for BOP to make the determination as to one kind (out of five) of extraordinary and compelling reasons for such release." *Id.*

Congress has specifically directed that the Sentencing Commission, not the courts, promulgate "general policy statements regarding … the sentencing modification provisions" in § 3582(c). 28 U.S.C. § 994(a)(2)(C). Further, Congress has specifically directed that, in the policy statement for § 3582(c)(1)(A), it is the Commission that "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria

6

to be applied and a list of specific examples." *Id.* § 994(a)(2)(t). The Court agrees with the conclusion in *Lynn* that, "[i]f the policy statement needs tweaking in light of [the First Step Act], that tweaking must be accomplished by the Commission, not by the courts." *Id.* at 4. "The Commission may well decide that, since BOP is no longer the gatekeeper regarding the filing of motions for compassionate release, neither should it be the gatekeeper regarding the residual category of extraordinary and compelling reasons for compassionate release" *Id.* "Until that day, however, the Court must follow the policy statement as it stands." *Id.*

The Court recognizes that these are unsettling times for prisoners. The Court, however, has no authority at this point to grant the defendant compassionate release.

For all these reasons, the Court **HEREBY ORDERS** that the defendant's motion for compassionate release (DE 193) is **DENIED** without prejudice. If circumstances should change in a way that would permit the Court to find "extraordinary and compelling" reasons for reducing his sentence, he may file another motion.

Dated July 1, 2020.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

7