\UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>V.<br><br>LEROY LITTLE,<br>    Defendant. | CRIMINAL NO. 7:09-5-KKC-1<br><br>**OPINION AND ORDER** |

\*\* \*\* \*\* \*\* \*\*

This matter has been remanded from the Sixth Circuit for purposes of re-evaluating Defendant Leroy Little's motion under 18 U.S.C. § 3582(c)(1)(A) in light of *United States v. Elias*, 984 F.3d 516 (6th Cir. 2021). Having reconsidered Defendant's motion and for the reasons below, the motion (DE 193) will be denied.

Leroy Little pleaded guilty, on February 12, 2018, to conspiring to distribute five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. On May 24, 2018, Leroy was sentenced to a term of 120 months of imprisonment. On June 4, 2020, Little filed a motion for release under 18 U.S.C. § 3582(c)(1)(A), commonly known as a "compassionate release" motion, citing his high risk of severe illness from COVID-19 based on his status as a 70 year-old man with a vitamin D deficiency, rheumatoid arthritis, hypothyroidism, COPD, and the recent removal of a bladder tumor.

Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the Court could not grant a motion for compassionate release unless the director of the Bureau of Prisons (BOP) filed the motion. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights

to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id*. at 834. In this case, Little alleges that he mailed a request to the Warden on or about April 1, 2020. However, according to BOP officials, they have no record of this correspondence. (*See* DE 215-1). Accordingly, although "the question of whether or not this matter is…properly before the Court remains[,]" the Government states that it will give Little "the benefit of the doubt." (DE 215 at 2). This Court has the authority to consider Little's motion.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The statute does not define what it means to be "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance; however, the Sixth Circuit has determined that the policy statement applies only to motions filed by the BOP and does not apply when a defendant moves for compassionate release on his own behalf. *United States v. Jones*, 980

F.3d 1098, 1108-11 (6th Cir. 2020). In such cases, district courts are no longer constrained by the reasons enumerated in §1B1.13's application note. *See id.*; *United States v. Elias*, 984 F.3d 516 (6th Cir. 2021); *see also United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Thus, courts need not rely on the application note as binding in its analysis; instead, a court may exercise its "full discretion" to determine whether the defendant has demonstrated extraordinary and compelling reasons for compassionate release, *Jones*, 980 F.3d at 1111, and, if so, whether the section 3553(a) factors weigh in favor of release.

For purposes of this motion, the Court will assume that Little's health conditions amidst the COVID-19 pandemic in a prison setting present extraordinary and compelling circumstances that would warrant a sentence reduction. However, the Court must still consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 980 F.3d at 1107-1108. These factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--
  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
  (B) to afford adequate deterrence to criminal conduct;
  (C) to protect the public from further crimes of the defendant; and
  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]

(3) the kinds of sentences available;

18 U.SC. § 3553(a)(1)-(3).

The § 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with

3

similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense. § 3553(a)(4)-(7).

The Court considered these factors extensively at Little's sentencing hearing and has reconsidered them for purposes of this motion. The presentence report indicates that Little distributed more than 15 kilograms or more of cocaine. He also has a criminal past, which includes charges for wanton endangerment first degree, possession of a firearm by a convicted felon, and several substance abuse-related charges. Further, the record reflects that Little was scheduled to plead guilty in 2009, but did not actually enter his guilty plea until 2018 because he was a fugitive during this time. Thus, as a result of obstructing justice, the Court assessed a two-level enhancement at sentencing.

Little has only served a small fraction of the sentence the Court imposed. Based upon the record before it, the Court cannot find that Little would not pose a danger to the safety of the community if he were to be released. Little must focus on taking the steps necessary to rehabilitate himself in order to ensure that he will lead a quality life upon his release. Therefore, in consideration of the § 3553(a) factors, the need for Little's prison term to deter future criminal conduct, promote respect for the law, and provide just punishment, release is simply not appropriate.

For the reasons stated in this opinion and at the time of his sentencing, it is not appropriate to order his release at this time. The Court **HEREBY ORDERS** that Defendant Leroy Little's motion for compassionate release (DE 193) is DENIED.

Dated March 1, 2021

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY